IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN PANAMENO,

           Petitioner,                    No. 2:11-cv-0269 GEB DAD P

    vs.

GARY SWARTHOUT,

           Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

         Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a sentence of life with the possibility of parole plus one year following his 2002 conviction in the San Bernardino County Superior Court for kidnapping for ransom and vehicle code violations with sentencing enhancements.

         In his pending federal habeas petition, petitioner challenges a May 27, 2009 decision by the California Board of Parole Hearings (Board) finding him unsuitable for parole and deferring his next parole consideration hearing for five years.  This matter is before the court on respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules").  Petitioner has opposed respondent's motion.

/////

1

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  A motion for summary dismissal pursuant to Rule 4 of the Habeas Rules is an appropriate motion in habeas proceedings.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

I. Petitioner's Claims

    A.  Due Process

In his first claim for relief, petitioner contends that the Board's 2009 decision to deny him parole for a period of five years violated his federal constitutional right to due process of law because:  the Board relied unfairly on the unchanging circumstance of his commitment offense and other pre-offense factors to deny him parole; the Board's decision denying release on parole was arbitrary and capricious; and there was insufficient evidence in the record before the Board that he posed a current danger to society if released from prison.  (Doc. No. 1 at 5-25.)

Respondent counters by arguing that petitioner's due process claim is not cognizable in this federal habeas corpus proceeding and should therefore be dismissed.  (Mot. to Dismiss (Doc. No. 11) at 3.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

1  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

2  one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

3  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

4  person to be conditionally released before the expiration of a valid sentence.").  However, a

5  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

6  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

7  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

8          California's parole scheme gives rise to a liberty interest in parole protected by the

9  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

10  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

11  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

12  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

13  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

14  California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release

15  on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,

16  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

17          In Cooke, the Supreme Court reviewed two cases in which California prisoners

18  were denied parole - in one case by the Board, and in the other by the Governor after the Board

19  had granted parole.  Cooke, 131 S. Ct. at 860-61.  The Supreme Court noted that when state law

20  creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair

21  procedures, "and federal courts will review the application of those constitutionally required

22  procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

23  procedures required are minimal" and that the "Constitution does not require more" than "an

24  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

25  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

26  decisions that went beyond these minimal procedural requirements and "reviewed the state

3

1  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

2  light of the evidence." <u>Cooke</u>, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the

3  application of the "some evidence" standard to parole decisions by the California courts as a

4  component of the federal due process standard. <u>Id.</u> at 862-63.  <u>See</u> also <u>Pearson</u>, 639 F.3d at

5  1191.[1]

6          Here, it is plain from the record before this court that petitioner was present at his

7  2009 parole consideration hearing, that he participated in that hearing, and that he was provided

8  with the reasons for the Board's decision to deny him parole.  (Doc. No. 1 at 48-80; Doc. No. 1-1

9  at 1-42. )  According to the United States Supreme Court, the federal due process clause requires

10  no more.  Accordingly, petitioner is not entitled to federal habeas relief with respect to his due

11  process claim.

12      B.  <u>Ex Post Facto Violation</u>

13          Petitioner's next claim for federal habeas relief is based upon his argument that

14  application of the provisions of California Proposition 9, also known as Marsy's Law, at his 2009

15  parole hearing violated the Ex Post Facto Clause of the United States Constitution because it

16  increased the deferral period for his next parole suitability hearing and resulted in his serving a

17  longer prison sentence.  (Doc. No. 1 at 25-29.)

18          In moving to dismiss the pending petition, respondent argues that petitioner's Ex

19  Post Facto claim is not cognizable in this federal habeas corpus proceeding because success on

20  the claim would not necessarily shorten petitioner's time in prison.  (Mot. to Dismiss at 4.)

21  Respondent also suggests that because petitioner's claim presents the same issue that is pending

22

23          [1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
years the Ninth Circuit had consistently held that in order to comport with due process a state
24  parole board's decision to deny parole had to be supported by "some evidence," as defined in
<u>Superintendent v. Hill</u>, 472 U.S. 445 (1985), that bore some indicia of reliability.  <u>See</u> <u>Jancsek v.
25  Oregon Bd. of Parole</u>, 833 F.2d 1389, 1390 (9th Cir. 1987); <u>McQuillion v. Duncan</u>, 306 F.3d
895, 904 (9th Cir. 2002) ("In <u>Jancsek</u> . . . we held that the process that is due in the parole
26  rescission setting is the same as the Supreme Court outlined in <u>Superintendent v. Hill</u> . . . .")

1 | before this court in the class action case of Gilman v. Fisher, Civil Case No. 05-0830 LKK GGH

2 | P (E.D. Cal.) that the court should decline to exercise jurisdiction with respect to that claim. (Id.

3 | at 5.)  Finally, respondent argues that petitioner's claim should be rejected on the merits because

4 | Marsy's Law does not violate the Ex Post Facto Clause. (Id. at 5-6.)

5 |         The Constitution provides that "No State shall . . . pass any . . . ex post facto

6 | Law." U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States

7 | Constitution if it:  (1) punishes as criminal an act that was not criminal when it was committed;

8 | (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a

9 | person of a defense available at the time the crime was committed. Collins v. Youngblood, 497

10 | U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the

11 | definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336

12 | F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)).

13 | See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is

14 | also violated if:  (1) state regulations have been applied retroactively; and (2) the new regulations

15 | have created a "sufficient risk" of increasing the punishment attached to the crimes. Himes, 336

16 | F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post

17 | facto only if there exists a "significant risk" that such application will increase the punishment

18 | for the crime. See Garner v. Jones, 529 U.S. 244, 259 (2000).

19 |         Petitioner was convicted and sentenced to a term of life in prison with the

20 | possibility of parole in 2002, six years prior to the passage of Marsy's Law in November 2008.

21 | Marsy's Law amended California law governing parole hearing deferral periods. See Gilman v.

22 | Davis, 690 F. Supp.2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a

23 | preliminary injunction enjoining enforcement of Marsy's Law, to the extent it amended former

24 | California Penal Code § 3041.5(b)(2)(A)), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d

25 | 1101 (9th Cir. 2011).  Prior to the enactment of Marsy's Law, the Board deferred subsequent

26 | parole suitability hearings with respect to indeterminately-sentenced inmates for one year unless

the Board determined it was unreasonable to expect that parole could be granted the following

year.  If that determination was made, the Board could then defer the inmate's subsequent parole

suitability hearing for up to five years.  See Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law,

which applied to petitioner at the time of his 2009 parole suitability hearing, amended §

3041.5(b)(2) to impose a minimum deferral period for subsequent parole suitability hearings of

three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven,

ten, or fifteen years.  Id. § 3041.5(b)(3) (2010).

        One of the claims presented by the plaintiffs in the class action Gilman case

pending in this U.S. District Court is that the amendments to § 3041.5(b)(2) regarding parole

deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because "when

applied retroactively, [they] create a significant risk of increasing the measure of punishment

attached to the original crime." (Gilman, Doc. No. 154–1 at 13 (Fourth Amended/Supplemental

Complaint), Doc. No. 183 (Mar. 4, 2009 Order granting plaintiffs' motion for leave to file a

Fourth Amended/Supplemental Complaint.))  With respect to this Ex Post Facto claim, the class

in Gilman has been found by that court to be comprised of "all California state prisoners who

have been sentenced to a life term with possibility of parole for an offense that occurred before

November 4, 2008." (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending definition of

class.))  By its terms that order defining the class in Gilman includes plaintiff, who has been

sentenced to a life term with the possibility of parole for an offense that occurred before

November 4, 2008.  Notably, the Gilman plaintiffs seek declaratory and injunctive relief,

including a permanent injunction enjoining the Board from enforcing the amendments to §

3041.5(b) enacted by Marsy's Law and requiring that the Board conduct a new parole

consideration hearing for each member of the class. (Gilman, Doc. No. 154–1 (Fourth

Amended/Supplemental Complaint) at 14.)

        In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal

Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the

1    suit. <u>Crawford v. Honig</u>, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the <u>Gilman</u> class,

2    the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2)

3    that "the party opposing the class has acted or refused to act on grounds that apply generally to

4    the class, so that final injunctive relief or corresponding declaratory relief is appropriate

5    respecting the class as a whole." (<u>See</u> <u>Gilman</u>, Doc. No. 182 (Mar. 4, 2009 Order certifying class

6    pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals

7    Memorandum affirming district court's order certifying class.))  According to the district court in

8    <u>Gilman</u>, the members of the class "may not maintain a separate, individual suit for equitable

9    relief involving the same subject matter of the class action." (<u>Gilman</u>, Doc. No. 296 (Dec.10,

10   2010 Order) at 2; <u>see</u> <u>also</u> Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010

11   Order), Doc. No. 274 (Sept. 23, 2010 Order.))  There is no evidence before the court at this time

12   in this habeas action suggesting that petitioner has requested permission to opt out of the <u>Gilman</u>

13   class action lawsuit.

14          In his habeas petition pending before the court petitioner alleges he is a California

15   state prisoner who was sentenced to a life term in state prison with the possibility of parole for an

16   offense that occurred before November 4, 2008.  (Doc. No. 1 at 1.)  Accepting petitioner's

17   allegations as true, he is a member of the <u>Gilman</u> class.[2]  Similar to the plaintiffs in <u>Gilman</u>,

18   petitioner in this habeas action alleges that Marsy's Law violates the Ex Post Facto Clause

19   because, when applied retroactively, it creates a risk of increasing the length of his punishment.

20

21         [2] Respondent states, without further explanation, that petitioner is not a member of the
     <u>Gilman</u> class because "he was not convicted of murder." (Doc. No. 11 at 5.)  Respondent's
22   assertion that petitioner is not a member of the <u>Gilman</u> class is incorrect.  As described above,
     with respect to the plaintiffs' ex post facto challenge to Marsy's Law deferral provisions in
23   <u>Gilman</u> , the class in that case has defined as "all California state prisoners who have been
     sentenced to a life term with possibility of parole for an offense that occurred before November
24   4, 2008." (<u>Gilman</u>, Doc. No. 340 (Apr. 25, 2011 Order amending definition of class.)) This
     definition of the class that has been certified in <u>Gilman</u> does not exclude prisoners who
25   committed crimes other than murder.  Because petitioner falls within the definition of the class as
     defined by the court in the <u>Gilman</u> case, this court finds that petitioner is a member of the <u>Gilman</u>
26   class.

1    Petitioner asks the court to issue a writ of habeas corpus.  However, even if the court found that

2    the Board's 2009 five-year deferral of petitioner's next parole suitability hearing violated the Ex

3    Post Facto Clause, it would not entitle petitioner to release on parole.  Because petitioner's Ex

4    Post Facto claim concerns only the timing of  his next parole suitability hearing, success on that

5    claim would not necessarily result in determinations that petitioner is suitable for release from

6    custody on parole.  Rather, petitioner's equitable relief would be limited to an order directing the

7    Board to conduct a new parole suitability hearing and enjoining the Board from enforcing against

8    petitioner any provisions of Marsy's Law found to be unconstitutional.  This is the same relief

9    petitioner would be entitled to as a member of the pending Gilman class action.  (See Gilman,

10   Doc. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.)

11             Therefore, it appears clear that petitioner's rights will be fully protected by his

12   participation as a class member in the Gilman case.  Accordingly, the court recommends that

13   petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed

14   without prejudice to any relief that may be available to him as a member of the Gilman class.

15   See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its

16   jurisdiction when another court having jurisdiction over the same matter has entertained it and

17   can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)

18   ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison

19   conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford,

20   858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly

21   administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board,

22   No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012)

23   (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without

24   /////

25   /////

26   /////

1    prejudice in light of the ongoing <u>Gilman</u> class action.") (and cases cited therein), <u>report</u> <u>and</u>

2    <u>recommendation</u> <u>adopted</u> <u>by</u> 2012 WL 3104863 (C.D. Cal. July 25, 2012).[3]

3             Accordingly, IT IS HEREBY RECOMMENDED that:

4           1.   Respondents' September 20, 2011 motion to dismiss (Doc. No. 11) be granted;

5           2.   Federal habeas relief be denied as to petitioner's due process claim; and

6           3.   Based on this court's finding that petitioner is a member of the <u>Gilman</u> class,

7    the court recommends that petitioner's claim that his rights under the Ex Post Facto Clause were

8    violated by the Board's 2009 decision to defer his next parole consideration for a period of five

9    years be dismissed without prejudice to any relief that may be available to petitioner as a member

10    of the class in <u>Gilman v. Fisher</u>, 05–0830 LKK GGH P (E.D. Cal.).

11             These findings and recommendations will be submitted to the United States

12    District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

13    fourteen days after being served with these findings and recommendations, any party may file

14    written objections with the court.  The document should be captioned "Objections to Findings

15    and Recommendations."  Any reply to the objections shall be served and filed within fourteen

16    days after service of the objections.  Failure to file objections within the specified time may

17    waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

18    Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may

19    address whether a certificate of appealability should issue in the event he files an appeal of the

20    judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district

21    /////

22

23        [3]  In light of the recommended dismissal of this action on the grounds that petitioner's Ex
Post Facto claim has been presented by the plaintiff class of which he is a member and is being
24    entertained in the <u>Gilman</u> case currently pending before another judge of this court, the
undersigned will not reach respondent's arguments that petitioner's Ex Post Facto claim is not
25    cognizable in this federal habeas corpus proceeding because success on that claim would not
necessarily shorten petitioner's time in prison, or that petitioner's Marsy's Law claim should be
26    denied on the merits of that claim.

1   court must issue or deny a certificate of appealability when it enters a final order adverse to the

2   applicant).

3   DATED: September 20, 2012.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:8:
    panameno269.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26